UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>DARIAN HATCHER,<br><br>　　　　　　Defendant. | CASE NO.  1:15-CR-00305-JLT-BAM<br>　　　　　　　1:16-CR-00187-LJT-BAM<br><br>ORDER ON MOTION FOR ORDER AND ORDER RE: PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE REGARDING THE INEFFECTIVE ASSISTANCE OF COUNSEL ALLEGED IN MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. 118) |

**<u>ORDER</u>**

Good cause appearing, the United States' motion for partial waiver of petitioner Darian Hatcher's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

(1)　The attorney-client privilege of defendant Hatcher is waived with respect to all communications between defendant Hatcher and his former attorney Michael Berdinella concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. Darian Hatcher*, No. 1:15-cr-00305 and 1:16-CR-00187.

///

///

ORDER　　　　　　　　　　　　　　　　　　　　　1

(2) The work product privilege is waived with respect to the work product of attorney Michael Berdinella concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Berdinella, and his staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(4) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

(5) The government shall file a response to defendant Hatcher's 2255 Motion by December 16, 2022.

(6) Defendant Hatcher's shall file a reply, if any, no later than March 17, 2022.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his Amended 2255 Motion, he must notify this Court within 21 days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion.  Failure to do that confirms the alternative portion of this Order finding waiver.

IT IS SO ORDERED.

Dated:   **September 14, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

ORDER

2